**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DAWN ZIMMERMAN, et al.,**

    **Plaintiffs,**     **Civil Action 2:22–cv–40**
              **Judge Edmund A Sargus**
  **v.**          **Magistrate Judge Kimberly A. Jolson**

**RUSS STEAMER SERVICE, LLC, et al.,**

    **Defendants.**

**<u>OPINION AND ORDER</u>**

   This matter is before the Court on several motions:  Defendant Ohio Bureau of Workers' Compensation's (OBWC) Motion for Leave to File Amended Answer, Counterclaim, and Cross-Claim Instanter (Doc. 27); Defendant Target's Motion for Leave to File Instanter Cross-Claims Against Defendants Amerit Fleet Solutions, Inc. and Russ Steamer Service, LLC (Doc. 28); and Defendant Target's Motion for Leave to File Third-Party Complaint Against RSS Trailer Repair, LLC (Doc. 29).  The parties agreed to extend the deadline to respond to these motions to August 22, 2022.  (Doc. 30).  The request was granted (Doc. 31), but no response has been filed. Accordingly, the Court treats the Motions as unopposed.  For the following reasons, the Motions (Docs. 27, 28, 29) are **GRANTED**.

**I.**  **MOTIONS TO FILE ANSWER, COUNTERCLAIM, OR CROSS-CLAIM**

   The motions to amend answer and to assert counterclaims or cross-claims (Docs. 27, 28) must satisfy Rule 15.  The initial pleading is the appropriate place to make such assertions, (*see* Fed. R. Civ. P. 13).  Here, OBWC and Target have already filed initial pleadings (Docs. 4, 8), so they must get leave of court, pursuant to Rule 15(a)(2), to amend.

   Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, when a party must seek leave of court to amend a pleading, "[t]he court should freely give leave when justice so

requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *Sims v. Time Warner Cable Inc.*, No. 2:17-CV-631, 2018 WL 6427249, at *2 (S.D. Ohio Dec. 7, 2018) (citation omitted). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment and futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Amendment is appropriate here. OBWC and Target filed these Motions by the Court's amendment deadline. (Doc. 26). Additionally, discovery does not close until February 1, 2023. (Doc. 17). Moreover, the Court finds that the opposing parties will not be unduly prejudiced by the amendment. *See Foman*, 371 U.S. at 182. Indeed, no party objected to either Motion. For these reasons, and in light of the liberal policy favoring amendment, OBWC's Motion for Leave to File Amended Answer, Counterclaim, and Cross-Claim Instanter (Doc. 27) and Target's Motion for Leave to File Instanter Cross-Claims (Doc. 28) are **GRANTED**. The Clerk's Office is **DIRECTED** to file Doc. 27 pages 3–7 as State of Ohio Bureau of Workers' Compensation's Amended Answer, Counterclaim And Cross-Claim. The Clerk is further **DIRECTED** to file Doc. 28-1 as Target's Cross-Claim Against Defendants Russ Steamer Service, LLC And Amerit Fleet Solutions, Inc.

## II. MOTION TO FILE THIRD PARTY COMPLAINT

Target's Motion for Leave to File Third Party Complaint (Doc. 29) is governed by Rule 14. Rule 14 allows a defending party to "serve a summons and complaint on a nonparty who is or may

2

be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). So, Rule 14 is only appropriate when "when the third party plaintiff is attempting to transfer liability for the plaintiff's claim against him. The third party defendant's liability must be secondary or derivative." *Baker v. Pierce*, 812 F.2d 1406, *2 n.2 (6th Cir. 1987).

Further, because this Motion (Doc. 29) was filed more that fourteen days after the original answer (Doc. 8), leave of Court is required. Fed. R. Civ. P. 14(a)(1). "Whether to allow the third-party claim to proceed 'is committed to the discretion of the trial court.'" *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319, 321–22 (N.D. Ohio 2008) (quoting *Nipponkoa Ins. Co., Ltd. v. Ozark Motor Lines, Inc.*, 2006 WL 2947467, at *3 (M.D.Tenn.)); *see also Heliene, Inc. v. Total Quality Logistics*, LLC, No. 1:18-CV-799, 2020 WL 13469246, at *2 (S.D. Ohio Feb. 18, 2020) (citing *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir. 1960)) ("Whether to grant a motion for leave to file a third-party complaint is within the district court's discretion."). "The exercise of such discretion has been held to be 'essentially a process of balancing the prejudices'" *Commins v. NES Rentals Holdings, Inc.*, No. 3:16-CV-00608-GNS, 2018 WL 11276642, at *2 (W.D. Ky. Feb. 27, 2018) (citing *Asher v. Unarco Material Handling, Inc.*, No 6:06-548-DCR, 2007 WL 3046064 at *4 (E.D. Ky. Oct 5. 16, 2007)) (citing *Irvin*, 274 F2d at 178). While various factors may be considered, promptness of the motion is a key consideration. *See Trane U.S. Inc.*, 250 F.R.D. at 322 (quoting *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y.2004)) ("Generally, however, 'timely motions for leave to implead third parties should be freely granted . . . unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim.'"); *Commins*, 2018 WL 11276642, at *2 (citing *Botkin v. Tokyo Marine & Nichido Fire Ins. Co., Ltd.*, 956 F. Supp.2d 795, 802 (E.D. Ky. 2013)).

Here, Target seeks leave of Court to assert a claim for indemnification against RSS Trailer Repair, LLC in connection with the Yard Transportation Contract. (Doc. 29 at 3). Because Target seeks to assert a claim of indemnity, Rule 14 is the proper vehicle. Further, Target sought leave to assert a third-party claim early in the case—discovery is not due by until February 1, 2023, and dispositive motions are not due until March 1, 2023. And no party objected to the Motion. So the Court finds the Motion to be timely and not unduly prejudicial. Accordingly, Target's Motion for Leave to File Third-Party Complaint (Doc. 29) is **GRANTED**. Target is **ORDERED** to file the third party complaint within **fourteen (14) days** of the date of this Opinion and Order.

IT IS SO ORDERED.

Date: August 23, 2022                           s/ Kimberly A. Jolson
                                                KIMBERLY A. JOLSON
                                                UNITED STATES MAGISTRATE JUDGE