UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAWN ZIMMERMAN, et. al.,**

    **Plaintiff,**

v.

                                  Case No. 2:22-cv-00040-EAS-KAJ
                                  Judge Edmund A. Sargus, Jr.
                                  Magistrate Judge Kimberly A. Jolson

**RUSS STEAMER SERVICE, LLC, et. al.**

    **Defendant.**

This matter is before the Court on Plaintiffs' Motion to Dismiss Without Prejudice. (ECF No. 8.). For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion to Dismiss.

Plaintiffs filed their motion to dismiss on February 16, 2023. Shortly thereafter, on February 21, Defendants Amerit Fleet Solutions, Inc and Target Corporation separately filed Responses. (ECF Nos. 87, 88). Each argued against dismissal without prejudice. Instead, each asked the Court to dismiss the case *with* prejudice. (ECF Nos. 87, Page 1; 88, Page 18).

Rule 41(a) of the Federal Civil Rules of Procedure governs voluntary dismissal. Except as provided in Rule 41(a)(1), it states that a Plaintiff may ask the Court for an order of dismissal "on terms that the court considers proper." Federal Civil Rule 41(a)(2). This language has been interpreted to give district courts discretion over whether and how to grant such a motion.

> "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir.1974). The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir.1990). Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit. *Cone v. West Virginia Pulp & Paper Co*., 330 U.S. 212, 217, 67 S.Ct. 752, 755, 91 L.Ed. 849

> (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir.1988).
> In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant. *Kovalic*, 855 F.2d at 474 (citing *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir.1969))."

*Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)

These factors mostly weigh in favor of dismissal, as Defendants are unlikely to suffer significant plain legal prejudice from a dismissal.  First, this case is still in its early stages.  Discovery has not closed and will not close for over a month, on April 3, 2023.  The parties haven't even met for their settlement conference yet.  Further, while Defendants have filed several motions, conducted depositions, and hired medical experts, the information gleaned from such work will likely be reused if Plaintiffs refile their suit.  (ECF Nos. 87, 88).  As such, Defendants expenses are likely to be much lower in a hypothetical future suit by the Plaintiffs.

Second, while Plaintiffs have at points failed to comply with deadlines set by the Court, their actions have not yet reached the level of "excessive delay and lack of diligence… in prosecuting the action.  (ECF Nos. 57, 77, 78*) Kovalic*, 855 F.2d at 474.  Defendant Amerit Fleet is correct that "Plaintiff Dennis Zimmerman failed to appear for his deposition that was scheduled well in advance through his counsel's office twice, Plaintiffs have not responded to Amerit Fleet's written discovery, Plaintiffs sought and received a seventy-five day extension to designate experts which they then missed, have untimely designated a new expert (Dr. Stroeckel), have failed to make a demand as required by the applicable scheduling order, and have not issued any written discovery or requested any depositions." (ECF No. 86, Page 2).  However, Plaintiffs have filed motions, responses, and replies, and have complied with other deadlines in this case.  (ECF Nos. 7, 12, 18, 39, 81, 83).  While Plaintiffs certainly delayed the litigation, they have not done so excessively.  And as detailed below, Plaintiffs' lapses in

compliance are likely to have been at least partially caused by their divorce proceedings. Further, Plaintiff is not the only party who has failed to comply with the Court's deadlines. (ECF Nos. 57, 77, 78).

Plaintiffs have also given sufficient explanation for dismissing this case. As Plaintiffs explained in their motion to dismiss, Mr. and Mrs. Zimmerman are "acrimoniously divorcing." (ECF No. 83, Page 3). Additionally, "there are issues with the Zimmermans' pleadings herein that require correction." (*Id*.). Dismissing and refiling this case would allow Plaintiffs to complete their divorce and correct these issues.

Defendants cited several cases in which Courts have denied Plaintiffs' motions to dismiss without prejudice, and instead dismissed their actions *with* prejudice. However, these cases contrast with Plaintiffs' instant suit. Defendant Target pointed to *Leon v. City of Columbus* as an example of a court dismissing a case with prejudice. However, the plaintiff's conduct in *Leon* bears little resemblance to the Zimmermans' conduct. Unlike the Zimmermans', the plaintiff in *Leon* engaged in delay tactics, to the point that his suit had been pending for roughly three years at the time it was finally dismissed. *Leon v. City of Columbus*, 2012 U.S. Dist. LEXIS 25595 (S.D. Ohio Feb. 28, 2012). Additionally, he failed to respond to a summary judgment motion and a supplemental motion for summary judgment. *Id*. By contrast, this case has been pending in federal court since January 6, 2022, just over a year, and Defendants did not file their motions for summary judgment until five days after Plaintiffs had filed their motion to dismiss. (ECF Nos. 84, 85).

Defendant Amerit Fleet pointed to *Mendoza Maldonado v. Thomas M. Cooley Law Sch.* as an analogous case in which a Plaintiff's suit was dismissed with prejudice. However, like *Leon*, the facts of *Maldonado* are dissimilar to the instant case. In *Maldonado* the Sixth Circuit

3

stated "Maldonado's purported state-law claims were inextricably intertwined with his purported federal claims. Thus, the defendants would have suffered legal prejudice if the district court were to grant Maldonado's motion." *Mendoza Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955 (6th Cir. 2003). Defendants have not alleged the same type of harm is likely to occur here.

It is the judgment of the Court that Defendants will not suffer plain legal prejudice as a result of the dismiss of this case. "Nothing in the brief life of the case affects [Defendants'] legal rights or his ability to mount a defense if the lawsuit is refiled." *Can IV Packard Square, LLC v. Schubiner*, 768 F. App'x 308 (6th Cir. 2019). Defendants are "facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). As such, Plaintiff's Motion to Dismiss is **GRANTED**. All other pending motions are **DENIED** as **MOOT**. (ECF Nos. 84, 85, 89, 90, 91, 92, 94). However, if Plaintiffs refile this case, the Court may impose part, or all, of the costs of Defendants' additional litigation upon Plaintiff. This case is closed.

    **IT IS SO ORDERED.**

**2/27/2023**                           s/Edmund A. Sargus, Jr.
**DATE**                                 **EDMUND A. SARGUS, JR.**
                                                   **UNITED STATES DISTRICT JUDGE**